IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN M. YOUNG,

                                                                          OPINION AND ORDER

                Plaintiff,

                                                                           20-cv-1084-bbc

     v.

JANET FISCHER, MARK KARTMAN,
PAULA STOUDT, DANIEL LEFFLER,
JOSHUA KOLBO, MATTHEW SCULLION,
HEIDI BROWN, MATTHEW MUTIVA,
STEPHEN SCHNEIDER, KYLE BAYNE,
CHANCE CASTEL, KEITH WIEGEL,
JAMIE L. ADAMS AND SHERYL L. KINYON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sean M. Young filed a civil action under 42 U.S.C. § 1983, alleging that prison staff at Wisconsin Secure Program Facility kept him in a room without access to a bathroom, causing him to soil his clothes. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether any portion of his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because plaintiff's complaint does not support a federal claim for relief against defendants, I will dismiss this case.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

1

Plaintiff Sean Young was incarcerated at Wisconsin Secure Program Facility at all times relevant to this lawsuit. Defendants are employed at the prison: Mark Kartman is the security director; Paula Stoudt is the deputy warden; Daniel Leffler, Janet Fischer, Joshua Kolbo and Matthew Scullion are corrections supervisors; Heidi Brown is a unit manager; Matthew Mutiva, Stephen Schneider, Kyle Bayne, Chance Castel and Keith Weigel are corrections officers; Jaime Adams is the health services manager; and Sheryl Kinyon is the health services assistant manager.

On October 22, 2020, at approximately 12:00 p.m., plaintiff was transported to health services to be force fed by medical personnel. After the procedure, at approximately 1:10 p.m., plaintiff was taken to a program room. For medical reasons, plaintiff was supposed to remain seated in an upright position for two hours after being fed. Defendant Officer Bayne was assigned to watch plaintiff, and was stationed outside the program room door. At approximately 2:15 p.m., plaintiff told Bayne that he needed to use the restroom "badly." Bayne told defendant Sergeant Mutiva, and then reported to plaintiff that Mutiva was calling a supervisor about the situation. At approximately 2:30, plaintiff told Bayne again that he needed to use the restroom "now." Bayne responded that a supervisor was on the way. Ten minutes later, a supervisor had not yet arrived, and plaintiff told Bayne again that he needed to use the restroom "right now." Bayne talked to Mutiva again, and then returned to tell plaintiff that a supervisor was on the way. By the time Bayne returned, however, plaintiff had defecated on himself. Bayne left again to tell Mutiva what had happened.

At approximately 3:00 p.m., defendant Lieutenant Fischer and defendant Officer Castel came to the program room and told plaintiff that they were aware of the situation. Fischer said that she would contact the health services managers, defendants Adams and Kinyon, to see if plaintiff could be released from the restraint chair a few minutes early so that he could take a shower and change into clean clothes. Shortly after that, Castel returned and asked plaintiff the size of the clothes he needed. Plaintiff saw defendants Fischer and Captain Leffler talking to each other outside the program room, and also saw unit manager Brown pass by and smirk at him.

At approximately 3:35 p.m., defendants Bayne, Wiegel and Leffler came to the program room. Plaintiff expressed his frustration at having waited so long for assistance. Leffler stated that he had just heard about what happened. Bayne, Wiegal and Leffler then left, and about half hour later, defendants Mutiva and Schneider came and removed plaintiff from the program room. They took him back to his cell and gave him clean clothes. Mutiva and Schneider videotaped the transport. Plaintiff later wrote to defendants Boughton, Kartman, Kolbo, Scullion, Stoudt asking that the video footage be preserved.

## OPINION

### A. Eighth Amendment

Plaintiff states that he is bringing claims under the Eighth Amendment against all defendants. The Eighth Amendment prohibits "cruel and unusual punishment." A prison official violates the Eighth Amendment if the official acts with "deliberate indifference" to

3

a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the officials are aware that the prisoner faces a substantial risk of serious harm or "'excessive risk to [the prisoner's] health or safety,'" but disregard the risk by consciously failing to take reasonable measures to prevent it. Gevas v. McLaughlin, 798 F.3d 475, 480 (7th Cir. 2015) (quoting Farmer, 511 U.S. at 837); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

The Eighth Amendment also requires prison officials to provide prisoners "the minimal civilized nature of life's necessities," including adequate bedding and sanitary conditions of confinement. Farmer, 511 U.S. at 834; Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). Prison officials violate the constitution if they are "deliberately indifferent to adverse conditions that deny 'the minimal civilized nature of life's necessities.'" Farmer, 511 U.S. at 834. Prison officials also violate the Eighth Amendment if they subject a prisoner to a condition that "exceeded contemporary bounds of decency of a mature, civilized society." Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994).

Plaintiff contends that defendants violated his Eighth Amendment rights by refusing to take him to the bathroom, causing him to defecate on himself and then leaving him in his soiled clothes. Several courts have concluded that depriving an inmate of toilet facilities for a short period of time is not sufficiently serious to state a claim of constitutional dimension. See, e.g., Ledbetter v. City of Topeka, Kansas, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking toilet did not state claim for cruel and

4

unusual punishment); Decker v. Dunbar, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008) (inmate urinated on himself after being denied access to restroom and placed in a holding cell for an hour and a half while prisoner count was completed); Clark v. Spey, No. 01–C–9669, 2002 WL 31133198 at *2–3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state Eighth Amendment claim).

However, there may be some situations in which denying an inmate access to a bathroom could be a constitution violation, such as denying bathroom access to an inmate who cannot control his bladder due to disability, Phelps v. Godinez, No. 15-CV-073-SMY, 2015 WL 681007, at *4 (S.D. Ill. Feb. 17, 2015), or where denying access to a bathroom could pose a risk of serious harm to the inmate. Thomas v. Illinois, 697 F.3d 612, 614–15 (7th Cir. 2012) (depending on severity, duration, nature of the risk and susceptibility of inmate, prison conditions may violate Eighth Amendment if they cause serious physical, psychological or probabilistic harm). But even if the denial of bathroom access could amount to a constitutional violation, a defendant can be liable only if he acted with deliberate indifference to the plaintiff's needs.

In this instance, plaintiff's allegations do not suggest that defendants's actions violated the constitution. Plaintiff's own allegations show that defendants had a reason for not responding immediately to plaintiff's bathroom requests. Plaintiff had just been force fed in the health services unit, and he was supposed to remain upright in a program room for two hours — until approximately 3:10 p.m. When plaintiff first asked to use a bathroom, around 2:15 p.m., there was still about an hour left on his two-hour clock.

Defendant Bayne was not sure what to do, so he asked defendant Mutiva. Mutiva contacted a supervisor. Although plaintiff ultimately defecated on himself, Bayne's and Mutiva's actions do not suggest deliberate indifference.

According to plaintiff, he soiled his clothing at approximately 2:45, and he was given clean clothing at approximately 4:00. It was no doubt uncomfortable for plaintiff to remain in his soiled clothes for more than an hour. However, plaintiff's allegations do not suggest that he suffered any injury by remaining in his soiled clothes or that he faced any substantial risk of serious physical or mental harm by being exposed to his own feces. In addition, his allegations do not suggest that any defendant acted with deliberate indifference to his condition. The officers who were responsible for assisting plaintiff contacted health services to confirm that plaintiff could be moved, obtained clothes for him and then transported him to his cell. It is unfortunate this process took more than an hour. However, plaintiff's allegations do not suggest that the delay was a result of deliberate indifference on the part of any particular defendant.

Finally, plaintiff alleges that the unit manager, defendant Brown, smirked at him from the hallway. But he does not allege that Brown was responsible for contacting health services, for transporting him from the program room or for obtaining clean clothes for him, and a single smirk is not a constitutional violation. Therefore, plaintiff's complaint fails to state a federal claim against any defendant.

ORDER

IT IS ORDERED that

1. Plaintiff Sean M. Young's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

2. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 11th day of February, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge